WILLIAM C. FREEMAN, Respondent, v. C. C. PRATT, Appellant.

St. Louis Court of Appeals, April 21, 1896.

Practice, Appellate: WEIGHING THE EVIDENCE. It is the province of the jury, in an action at law, to pass upon the credibility of witnesses and to weigh the evidence, when there is a substantial conflict.

*Appeal from the Louisiana Court of Common Pleas.—*
HON. REUBEN F. ROY, Judge.

AFFIRMED.

*W. H. & N. W. Morrow* for appellant.

*Fagg, Ball & Hicks* for respondent.

BOND, J.—This is an action for the reasonable
value of labor and materials.   The defendant conceded
the reasonableness of the charges made, if it should be
found that certain items were not contracted for at
$60.   The case was tried on the denial by plaintiff of
the issue thus tendered.   Judgment was rendered by
the justice on this issue in favor of defendant.   Plain-
tiff appealed to the circuit court, where on a trial he
recovered judgment for the amount charged in his
account, the jury finding against defendant on the
issue as to a contract for a fixed sum for certain specific
items of the account.   Defendant appeals to this court.

The only error assigned is that the verdict was
"against the great weight of the evidence."   The defend-
ant upon the trial admitted the doing of the work  and
that the prices charged were reasonable and  just,  but
claimed that a portion of the work was done under
a special contract at a stated compensation.   Being
asked by the court whether he assumed the  burden  of
showing this, he replied that he did.   Defendant intro-
duced witnesses whose testimony tended to support the
affirmative issue thus formed.   On the other hand,
the plaintiff and his witness Humphrey stated that no
such contract as claimed by defendant was made.
Hence, it is evident that the solution of the issue be-
tween the parties should have been committed to the
jury, whose peculiar province it is to pass upon the

credibility of witnesses and to weigh the evidence, where there is a substantial conflict.

There is no merit in this appeal. We are asked to exercise our statutory power of affirmance with ten per cent damages. This request is reasonable, and will be granted. The judgment of the trial court is affirmed with ten per cent damages. All concur.